**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4457**

_____

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

SETH KAMOSE ALI,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:14-cr-00090-FDW-DSC-1)

_____

Submitted: April 21, 2016          Decided: May 4, 2016

_____

Before SHEDD and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed and remanded by unpublished per curiam opinion.

_____

Anne M. Hayes, Cary, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Anthony J. Enright, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Seth Kamose Ali appeals his conviction of assault on a federal officer, in violation of 18 U.S.C. § 111(a)(1) (2012). On appeal, Ali asserts two errors. First, he argues that the evidence was insufficient to sustain a guilty verdict. Second, he argues that a clerical error exists in the district court's judgment and should be corrected. For the reasons that follow, we affirm Ali's conviction but remand to correct the judgment's clerical error.

We review de novo a denial of a motion for judgment of acquittal. United States v. White, 810 F.3d 212, 228 (4th Cir. 2016), petition for cert. filed, __ U.S.L.W. __ (U.S. Mar. 22, 2016) (No. 15-8637). "The question is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (internal quotation marks omitted). In conducting this analysis, we do not review credibility determinations, which "are within the sole province of the jury and not susceptible to judicial review." United States v. Burgos, 94 F.3d 849, 863 (4th Cir. 1996) (en banc).

To violate 18 U.S.C. § 111(a), "a defendant must: (1) forcibly; (2) assault, resist, oppose, impede, intimidate, or interfere with; (3) a designated federal officer; (4) while

2

engaged in or on account of the performance of official duties . . . (5) [with] the intent to do the acts specified in the subsection." United States v. Arrington, 309 F.3d 40, 44 (D.C. Cir. 2002) (footnote and internal quotation marks omitted). Here, the only element in dispute is whether Ali intended to assault Peachey or whether he accidentally closed the car door on Peachey's hand.

Peachey testified at trial that he was behind Ali when he attempted to throw a subpoena into the car through the car door. Ali slammed the car door shut, but, with Peachey's hand between the door and the car frame, the door could not fully close. Nevertheless, according to Peachey, Ali did not stop pulling on the door but maintained strong pressure on it, trapping Peachey's left hand. Peachey was forced to use his right hand to attempt to pull the door open. Ali continued to pull the door shut on Peachey's hand in an active "tug of war" with Peachey.

Based on this testimony, a reasonable jury could conclude that, when Ali realized the door would not close, he formed the intent to assault Peachey by continuing to force the door closed on Peachey's hand. While Ali's version of events may be equally plausible, all reasonable inferences must be drawn in favor of the Government. Burgos, 94 F.3d at 863. Because a reasonable jury could have determined that Ali intended to assault Peachey,

3

we conclude that the district court did not err in denying Ali's motion for judgment of acquittal.

Ali also asserts that remand is appropriate to correct a clerical error. Courts may "at any time correct a clerical error in a judgment." Fed. R. Crim. P. 36. The jury found that Ali did not use a deadly or dangerous weapon when he assaulted Peachey, but the judgment states that Ali was convicted of assault on a federal officer with a deadly and dangerous weapon. The Government concedes this clerical error and agrees that we should remand the case to correct it. We therefore remand this matter for the limited purpose of correcting the clerical error in the judgment.

Accordingly, we affirm Ali's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED AND REMANDED

4